IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

TAVARES PROCTOR,

    Plaintiff,

v.   Case No. 1:18-cv-209-MW-GRJ

UF HEALTH SHANDS
HOSPITAL,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This cause is before the Court on ECF No. 4, Plaintiff's First Amended Complaint. Plaintiff, an inmate at the Reception and Medical Center in Lake Butler, Florida, initiated this case by filing ECF No. 1, a *pro se* complaint under 42 U.S.C. § 1983, alleging that University of Florida ("UF") Health Shands Hospital violated his rights under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). Plaintiff was granted leave to proceed as a pauper.

Upon an initial screening of Plaintiff's original complaint pursuant to 28 U.S.C. § 1915(e)(2), the Court found that Plaintiff failed to sufficiently allege a violation of his constitutional rights because HIPAA does not provide a private cause of action or rights that are enforceable through

1

§ 1983. ECF No. 3. However, because of Plaintiff's *pro se* status, the Court provided him with an opportunity to file an amended complaint.

Thereafter, Plaintiff filed a First Amended Complaint against UF Shands Hospital alleging the following:

> On or about August 31, 2018, Shands Hospital and its Records [Department] violated my rights under [HIPAA] by providing the state attorney's office and its officers or detectives my blood sample results following an automobile accident without a subpoena or warrant. The results were released months after the accident and resulted in the Plaintiff . . . receiving a guilty verdict. This in turn violates my Amendment 8 because of the chain in(sic) put events to as far as endangerment. The "[HIPAA]" violation caused a guilty verdict by Shands Hospital's illegal act.

ECF No. 4 at 5. Plaintiff does not specify what relief he seeks, however his original complaint sought $1 million in damages and a public apology.

"To state a claim under 42 U.S.C. § 1983, a party needs to show that it has been deprived of a right given under the Constitution or under the laws of the United States, and the deprivation was committed under color of state law." *Johnson v. Regions Mortg.*, 503 F. App'x 810, 811 (11th Cir. 2013) (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999)). Plaintiff, however, has failed to allege any facts in his complaint to show a deprivation of any right under the Constitution or federal law.

HIPAA generally provides for confidentiality of medical records and governs the use and disclosure of protected health information by covered

entities that have access to that information and that conduct certain electronic health care transactions. *See* 45 C.F.R. § 164.502. It provides both civil and criminal penalties for improper disclosures of medical information and limits enforcement of the statute to the Secretary of Health and Human Services. 42 U.S.C. §§ 1320d-5(a)(1), 1320d-6. "[P]rivate rights of action to enforce federal law must be created by Congress." *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001). HIPAA does not provide a private cause of action, or rights that are enforceable through § 1983. *See Acara v. Banks*, 470 F.3d 569, 571-72 (5th Cir. 2006). Therefore, Plaintiff's claim under § 1983 based on a violation of HIPAA fails to state a claim for relief.

Additionally, Plaintiff fails to state a claim for an Eighth Amendment violation. The Eighth Amendment's prohibition on cruel and unusual punishment applies only to individuals convicted of crimes. *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1572 (11th Cir. 1985) (finding that the Eighth Amendment "applies only to confinement that occurs subsequent to and as a consequence of a person's lawful conviction of a crime"). According to Plaintiff's own allegations, the defendant's unauthorized release of his medical records resulted in his conviction. Thus, Plaintiff was not convicted at the time Defendant allegedly violated his Eighth Amendment rights.

Accordingly, the protections of the Eighth Amendment are inapplicable in this case, and Plaintiff fails to state a claim for relief.

In light of the foregoing, it is respectfully **RECOMMENDED** that: Plaintiff's First Amended Complaint, ECF No. 4, should be **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted.

**IN CHAMBERS** at Gainesville, Florida, this 13th day of November, 2018.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**